J-S18020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1069 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002766-2021

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: AUGUST 28, 2025**

Appellant Cameron Campbell appeals *nunc pro tunc* from the judgment of sentence imposed after a jury convicted him of risking a catastrophe and recklessly endangering another person (REAP).[1]  Appellant challenges the sufficiency of the evidence for both of his convictions.  After review, we affirm.

By way of background, Appellant was charged with the aforementioned offenses following an incident at an impatient rehabilitation facility where Appellant resided in December of 2021.  **See** N.T., 10/3/22, at 41-42, 63-64.

The trial court summarized the underlying facts of this case as follows:

The fire department responded to a fire alarm at the facility and discovered evidence in one of the rooms of charred paper on a mattress and floor with the mattress sustaining melting/burning damage, as well as a blackened charred mark on the wall next to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3302(b) and 2705, respectively.

the bed.  There was also a black char/soot mark on the back of the nearby window curtain.

[T]he police spoke to the occupants of nearby rooms who identified [Appellant] as someone seen exiting the room immediately prior to the fire alarm sounding.  A resident testified to hearing [Appellant] make statements and ask questions about what would happen to the person who set the fire. . . .

[Appellant] was interviewed and initially denied involvement[,] then, [he] advised the police that he and another person were trying to light a cigarette with the found charred paper; that he threw the paper when it was on fire; and then, he left the room. . . .

A jury trial was held beginning on October 3, 2022.  The jury heard testimony from the deputy fire chief, the investigating officers, another rehabilitation resident, a tech employee of the drug rehabilitation facility and a licensed practical nurse, also an employee of the facility.  [Appellant] did not testify.  Exhibits submitted included pictures of the scene and Officer [John] Reeder's body worn camera by the defense, as well [as] [] Appellant's interview, as captured on a body worn camera.  The parties reached a stipulation regarding [the] chain of custody and preservation of the evidence.  On October 4, 2022, the jury returned verdicts of guilty.

Trial Ct. Op., 10/23/24, at 1-2 (formatting altered).

On December 16, 2022, the trial court sentenced Appellant to one to two years of incarceration followed by five years' probation for risking a catastrophe, and no further penalty for REAP.  That same day, Appellant filed a timely post-sentence motion, which was ultimately denied by operation of law.  Appellant did not file a notice of appeal.

On November 13, 2023, Appellant filed a Post Conviction Relief Act[2] (PCRA) petition alleging that trial counsel was ineffective for failing to file a

_____

[2] 42 Pa.C.S. §§ 9541-9546.

timely notice of appeal. On August 15, 2024, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc* and appointed new counsel, who filed a timely appeal on Appellant's behalf. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following claims, which we reorder as follows:

1. Did the Commonwealth present sufficient evidence to sustain a conviction for [REAP] where it did not present sufficient evidence that [] Appellant acted recklessly?

2. Did the Commonwealth present sufficient evidence to sustain a conviction for risking a catastrophe where it did not present sufficient evidence that [] Appellant acted recklessly?

Appellant's Brief at 4.

Appellant argues the Commonwealth failed to present sufficient evidence to establish that he acted recklessly, which is required for both REAP and risking a catastrophe.[3] *Id.* at 7-17. According to Appellant, the Commonwealth's evidence only established that he "lit a small amount of toilet paper and/or tissue paper on fire in an empty room and . . . threw it onto a bed, resulting in burn and/or soot marks on the bed and a nearby curtain[,]" which "did not cause any other item to catch on fire." *Id.* at 13-14. Pointing to inadequate testimony on the potential magnitude of a fire that could have resulted from his actions, Appellant argues that the Commonwealth did not

---

[3] Although Appellant lists these issues separately in his statement of questions, he relies on the same argument in support of both claims. Therefore, we address Appellant's claims together.

establish that he consciously disregarded a substantial and justifiable risk of a more severe fire occurring. *Id.* Further, Appellant contends that the "evidence presented to the jury was only sufficient to establish [his] conduct constituted, at best, negligent actions on his part" rather than reckless ones. *Id.* at 14. Therefore, Appellant concludes that there was insufficient evidence to sustain his convictions.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Wright*, 255 A.3d 542, 552 (Pa. Super. 2021) (citation omitted and formatting altered). "Importantly, the fact finder, which passes

- 4 -

upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Id.* (citation omitted and formatting altered).

"A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk" regarding that element of the offense. 18 Pa.C.S. § 302(b)(3). To discern whether a defendant consciously disregarded a substantial and unjustifiable risk, the fact finder considers the defendant's intentions and the circumstances known to him, evaluating whether disregarding the risk constituted a gross deviation from the standard of conduct that a reasonable person in the defendant's position would have observed. *See* 18 Pa.C.S. § 302(b)(3).

To sustain a conviction for REAP, the Commonwealth must prove that an individual "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

Risk of catastrophe requires proof that an individual "recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means . . . ." 18 Pa.C.S. § 3302(b). The term catastrophe as used in the statute is "synonymous with 'widespread injury or damage.'" *Commonwealth v. Hughes*, 364 A.2d 306, 312 (Pa. 1976); *see also Commonwealth v. Mikitiuk*, 213 A.3d 290, 301 (Pa. Super. 2019). "The 'risk' proscribed by the statute is the use of dangerous means by one who 'consciously disregards a substantial and justifiable risk' and thereby

unnecessarily exposes society to an extraordinary disaster." **Mikitiuk**, 213 A.3d at 301 (quoting **Hughes**, 364 A.2d at 311).

To sustain a REAP conviction, the Commonwealth need only prove that due to Appellant's reckless conduct, "there may have been the possibility or risk of harm, regardless of the likelihood of the manifestation of that harm." **Commonwealth v. Cordoba**, 902 A.2d 1280, 1289 (Pa. Super. 2006). In **Commonwealth v. Hines**, this Court concluded that evidence of an inmate's decision to start a fire in his cell, which caused damage to the walls and set off the fire alarms, was sufficient for a REAP conviction even if the fire was easily contained and no injuries occurred. **Commonwealth v. Hines**, 677 WDA 2023, 2024 WL 4433049, at *6 (Pa. Super. filed Oct. 7, 2024) (unpublished mem.).[4]

In reaching that conclusion, the **Hines** Court explained:

[T]he lack of injuries and relative ease of extinguishing the fire did not negate the danger of serious bodily injury posed to others by setting the papers alight in the first place. . . . [The defendant] created sufficient smoke to . . . trigger the fire alarm. The evidence presented established beyond a reasonable doubt that [the defendant's] conduct of setting the fire in his cell placed or may have placed other inmates or corrections officers in danger of death or serious bodily injury from the fire or smoke inhalation.

**Id.**, 2024 WL 4433049, at *6.

Similarly, a conviction for risking a catastrophe only requires the Commonwealth to show that the defendant's "reckless handling of inherently

---

[4] **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

dangerous forces . . . expose[d] the public to an unreasonable risk, regardless of whether a catastrophe actually occur[red]." ***Commonwealth v. Matthews***, 658 MDA 2020, 2021 WL 2772838, at *8 (Pa. Super. filed July 1, 2021) (unpublished mem.) (citing ***Commonwealth v. Scatena***, 498 A.2d 1315, 1317 (Pa. 1985); ***Hughes***, 364 A.2d at 310-12). Our Supreme Court has stated that "the word 'catastrophe' is intended to be synonymous with 'widespread injury or damage.'" ***Hughes***, 364 A.2d at 312. Therefore, a defendant is guilty of risking a catastrophe if he handles dangerous substances in a manner that consciously disregards an unreasonable risk of widespread injury or damage. ***See id.*** at 310-12.

Here, the trial court concluded that there was sufficient evidence for the jury to conclude that Appellant acted recklessly with respect to both REAP and risking a catastrophe. ***See*** Trial Ct. Op., 10/23/24, at 5-7.

In reaching that conclusion, the trial court explained:

[I]mages were presented to the jury of the charred and burnt mattress, the burnt paper, the charred wall and burnt curtains. The jury learned that the residents of the facility had recently had a smoke break and that lighters are not permitted in the smoke-free building. Further, the jury learned from the [Appellant's] interview that he intended to light the paper and lit the paper to smoke a cigarette in the building, knowing it was prohibited and threw the paper, which was on fire, into the room where he was not permitted to be, and then left [the] room. A fellow occupant told the jury about the [Appellant's] statements at the time of the evacuation regarding the fire and what would happen to someone who lit the fire. This occupant also told the jury about the chaotic nature of the evacuation and confusion by staff about how to direct people. The testimony established that approximately 30 people were housed on the floor with the fire and about a total of 160 people were in the building and evacuated due to the fire

alarm. The jurors heard about the difficulty created for the firefighters to address the fire in Room 207.

Trial Ct. Op., 10/23/24, at 6.

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence establishing that Appellant acted recklessly with respect to the charges for both REAP and risking a catastrophe. *See Wright*, 255 A.3d at 552.

As noted by the trial court, the Commonwealth presented evidence establishing that Appellant purposefully ignited flammable materials in a high occupancy building, which caused fire damage to the room, triggered the fire alarm, and required occupants to evacuate. *See* Trial Ct. Op., 10/23/24, at 6. Appellant's decision to mishandle fire in a high occupancy building is sufficient to demonstrate that he acted recklessly, even if the threat of harm to others or the risk of a widespread catastrophe was quickly neutralized. *See Hines* 2024 WL 4433049 at *5 (stating that "the elements of REAP require the Commonwealth only [to] establish that the defendant's conduct placed **or may have placed** another in **danger** of serious bodily injury or death" (citation omitted and emphasis in original); *see also Matthews*, 2021 WL 2772838 at *8 (explaining that "risking catastrophe under Section 3302(b) does not require the actual occurrence of a catastrophe" and that "the focus of Section 3302(b) is the reckless handling of inherently dangerous forces or

substances that expose the public to an unreasonable risk, regardless of whether a catastrophe actually occurs" (citations omitted)).

Furthermore, contrary to Appellant's assertions, the Commonwealth is not required to present direct evidence establishing the potential magnitude of a fire for a jury to conclude that Appellant consciously disregarded a substantial and unjustifiable risk of causing widespread injury or damage. ***See e.g. Scatena***, 498 A.2d at 1318 (explaining that where an individual sets fire to a building, but "the fire is extinguished before any humans have been consumed by the flames, no expert testimony is needed to establish that the arsonist is guilty of risking a catastrophe"). For these reasons, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/28/2025